IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **GERALD FOWLER,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11CV297 |
| | ) |
| **JOSE M. MONSERRATE-DIAZ** and | ) |
| **ELISABEL GONZALEZ,** | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| **ALLSTATE INSURANCE COMPANY,** | ) |
| | ) |
| Interested Party. | ) |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on (1) Plaintiff's motion to extend time for service and for leave to serve by publication, and (2) the motion of Allstate Insurance Company to dismiss this action. For reasons set forth below, **IT IS ORDERED** that Plaintiff's motion to extend time for service (Docket No. 6) is **DENIED** for lack of a showing of good cause, and **IT IS RECOMMENDED** that Allstate's motion to dismiss (Docket No. 8) be granted without prejudice.

Plaintiff Gerald Fowler filed this action on April 15, 2011. Nearly six months later, on October 4, he filed a motion to extend time for service and for leave to serve Defendants by publication. Under Fed. R. Civ. P. 4(m), the time limit for service of process is 120 days. The court must extend the time for service, upon application by the plaintiff, if the plaintiff shows "good cause" for the failure to serve process within the allotted 120 days.

In this case, Plaintiff Fowler's motion for an extension of time was filed *after* expiration of the 120-day period. Accordingly, his motion should have been accompanied by a brief, but was not. *See* LR7.3(a) and (j)(2). The motion itself recites a number of facts, but these facts, standing alone, are insufficient to show good cause for Plaintiff's failure to effect service of process within 120 days from the filing of the complaint. Plaintiff states that his complaint was filed on April 15, 2011, and that summonses were issued by the Clerk on April 18. Without setting out further dates, Plaintiff states that he attempted service by mail on Defendants but certified mailings were returned undeliverable and unable to forward. Plaintiff states that he has been unable to discover a more current address. This showing is wholly insufficient to show good cause under Rule 4(m). *See generally Motsinger v. Flynt*, 119 F.R.D. 373, 375 (M.D.N.C. 1988). Plaintiff has not identified the timing of his failed attempt or what actions he has taken in the time after the failure of service. From all that appears, Plaintiff has allowed many months to pass, and time to expire under Rule 4(m), without diligent action to accomplish service of process. Under these circumstances,

Plaintiff's motion for an extension of time to accomplish service of process is unsupported and must be denied.

Allstate Insurance Company[1] has filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 4(m), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6). Plaintiff did not file a timely response, but filed a response that was approximately two months late. The Court has reviewed that untimely response and finds that no good cause is shown for Plaintiff's failure to serve process within the time allow by law.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for an extension of time to serve process (Docket No. 6) is **DENIED**. Allstate's motion to strike (Docket No. 12) is **DENIED**. **IT IS RECOMMENDED** that this action be dismissed without prejudice.

                                    /s/ P. Trevor Sharp
                                  United States Magistrate Judge

Date: January 19, 2012

---

[1] Allstate is an interested party in this suit as an underinsured and/or uninsured motorist carrier. As such, Allstate has the right to assert any defense of the named Defendants. *See* N.C. Gen. Stat. § 20-279.21; *Reese v. Barbee*, 129 N.C. App. 823, 826 (1998).

-3-

Case 1:11-cv-00297-UA -PTS   Document 14   Filed 01/19/12   Page 3 of 3